# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Gary Feinerman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3465 | **DATE** | 6/14/2012 |
| **CASE TITLE** | State Jewelers and Loan vs. Jones | | |

**DOCKET ENTRY TEXT**

The challenged 2/24/2011 decisions of the bankruptcy court are affirmed. Enter judgment order. Civil case closed.

■ [ For further details see text below.]

Docketing to mail notices.
*Mail AO 450 form.

## STATEMENT

    Appellant State Jewelers and Loan challenges only the bankruptcy court's decision that relief from the confirmation order was not warranted under Fed. R. Civ. P. 60(b)(4). The bankruptcy court correctly held that the confirmation order is not void under Rule 60(b)(4). There is little to add to the bankruptcy court's explanation for its decision. Under United Student Aid Funds, Inc. v. Espinosa, 130 S. Ct. 1367 (2010), a confirmation order "is not void" under Rule 60(b)(4) "simply because it is or may have been erroneous." Id. at 1377 (internal quotation marks omitted). Rather, an order is void "only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." Ibid. (emphasis added). And the jurisdictional error that will render an order void is not just any jurisdictional error, but must be among "the exceptional case[s] in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction." Ibid.

    There was no due process violation here. The bankruptcy court noted that State "does not argue that it failed to receive notice of Debtors' bankruptcy or of the Plan," and that "State was listed on the Certificate of Notice issued by the Office of the Clerk of the Court and is presumed to have had notice." State argues here that its principal does not recall receiving notice. That is not a denial of receiving notice and does not rebut the presumption of delivery. State also argues that it was deprived of due process because it was not a creditor and because the property at issue was not properly considered part of the bankruptcy estate. But Espinosa makes clear that an ordinary (alleged) error of bankruptcy law -- here, wrongly considering a person or entity to be a creditor, and wrongly deeming property to be part of the estate -- does not violate due process. Id. at 1378 ("Here, United received *actual* notice of the filing and contents of Espinosa's plan. This more than satisfied United's due process rights.").

| | Courtroom Deputy | JD |
|---|---|---|

## STATEMENT

    Nor did the bankruptcy court lack an arguable basis for jurisdiction. Again, State argues that the bankruptcy court's errors in considering it a creditor and in deeming the property part of the estate mean that the bankruptcy court had no arguable basis for jurisdiction. At <u>most</u>, the bankruptcy court committed an error of bankruptcy law. As <u>Espinosa</u> teaches, an error in applying the substantive rules governing a case within the court's jurisdiction does not take that particular ruling outside the court's arguable jurisdiction. <u>Id</u>. at 1377-78; <u>see also</u> <u>Taylor v. Gilkey</u>, 314 F.3d 832, 834 (7th Cir. 2002) ("legal errors do not imply lack of jurisdiction"). It follows that the bankruptcy court correctly denied relief under Rule 60(b)(4).